# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALE T. TANGITAU,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT ROSALES, AN INDIVIDUAL; CHRISTOPHER KOMATHY, AN INDIVIDUAL; JESUS CENICEROS, AN INDIVIDUAL; JOSE SALDANA, AN INDIVIDUAL; CITY OF GARDENA; GARDENA POLICE DEPARTMENT; CITY OF HAWTHORNE; HAWTHORNE POLICE DEPARTMENT; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | Case No.: LA CV16-03203 JAK (FFMx)<br><br>[~~PROPOSED~~] ORDER RE JOINT STIPULATION OF THE PARTIES RE PROTECTIVE ORDER RE "CONFIDENTIAL DOCUMENTS"<br><br><br>Action Filed:    March 17. 2016 |

PURSUANT TO THE STIPULATION OF THE PARTIES ("Stipulation for Entry of Protective Order re Confidential Documents" – herein after as "Stipulation"), and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under all applicable statutes and rules (including but not limited to Fed. R. Civ. P. 5.2, 7, 26, and 29, as well as U.S. Dist. Ct., C.D. Cal., L.R. 7-3, 37-1, and 52-4.1 ; and all applicable Federal Rules of

Civil Procedure and/or Federal Rules of Evidence and U.S. Dist. Ct., C.D. Cal. Local Rules); after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

**Terms, Conditions, and Requirements of the Protective Order**

1. For the purpose of this Stipulation and associated Protective Order "CONFIDENTIAL DOCUMENTS" shall be defined as: All documents produced by HAWTHORNE POLICE DEPARTMENT and/or GARDENA POLICE DEPARTMENT in defendants' Rule 26 Disclosures and/or in response to any Request for Production of Documents by plaintiff, pertaining to:

   a. Personally identifying information of any third party witnesses and/or victims; and

   b. Any documents pertaining to any police officers' confidential personnel files[1] and/or any documents or information derived therefrom.

2. The identification of categories of documents that are considered to be "CONFIDENTIAL DOCUMENTS", *supra*, is not to be interpreted as an agreement that such documents will be produced by HAWTHORNE POLICE DEPARTMENT and/or GARDENA POLICE DEPARTMENT or as a waiver of any applicable objections that HAWTHORNE POLICE DEPARTMENT and/or GARDENA POLICE DEPARTMENT may raise in regard to production of Discovery Materials, which may fall within these categories of documents.

3. Documents produced by HAWTHORNE POLICE DEPARTMENT

---

[1] Confidential Personnel File includes but is not limited to citizen complaints, internal investigations, training records, disciplinary records, personal identifying information, job applications and applications testing results.

and/or GARDENA POLICE DEPARTMENT, and any documents or information derived therefrom, considered to be "CONFIDENTIAL DOCUMENTS," shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including but not limited to the purpose of dissemination to the media or public, or in connection with any other litigation or proceedings.

4. All physical (i.e. "hard copy") documents produced by HAWTHORNE POLICE DEPARTMENT and/or GARDENA POLICE DEPARTMENT, and any documents or information derived therefrom, considered to be "CONFIDENTIAL DOCUMENTS" shall be maintained in plaintiff counsel's office in a separate locked file cabinet, which shall remain locked at all times when not in use and the file cabinet should not be utilized to store other unrelated matters being handled by plaintiff's counsel's firm;

5. All documents produced by HAWTHORNE POLICE DEPARTMENT and/or GARDENA POLICE DEPARTMENT, and documents or information derived therefrom, considered to be "CONFIDENTIAL DOCUMENTS" that are stored electronically by plaintiff's counsel shall be required to comply with the terms and conditions of this Order, the same as if the electronically stored documents or information derived therefrom were hard copies.

6. All documents produced by HAWTHORNE POLICE DEPARTMENT and/or GARDENA POLICE DEPARTMENT, and any documents or information derived therefrom, considered to be "CONFIDENTIAL DOCUMENTS" shall be viewed and/or disclosed only as necessary in this matter and only to the following persons under the following conditions:

  a. Plaintiff's and defendants' attorney(s);
  b. Plaintiff's and defendants' attorneys' staff;
  c. Experts, under the condition that no disclosure to experts shall occur until <u>after</u> the expert has signed a copy of the declaration attached hereto as Exhibit "A" under penalty of perjury

3

      indicating the expert will abide by the protective order, the expert's signed declaration has been served on counsel for the opposing party, <u>and</u> the expert's signed declaration has been filed with the Court; and,

  d. The Court, under the condition that no "CONFIDENTIAL DOCUMENTS" or information derived therefrom, shall be disclosed *publically* to the Court. Any disclosure to the Court shall be *in camera*, absent a prior written stipulation with opposing counsel and pursuant to Court order.

  7. The designation of Discovery Material as "CONFIDENTIAL DOCUMENTS" shall be so designated by affixing the legend, as appropriate, of "CONFIDENTIAL DOCUMENTS" to each page containing any confidential Discovery Material. Affixing the appropriate legends on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as confidential and subject to this Stipulation of the Parties and associated Protective Order unless otherwise indicated by the producing party. If "CONFIDENTIAL DOCUMENTS" are produced electronically (i.e. on a CD, flash drive, external hard drive, or in any other electronic format); the designation of Discovery Material as "CONFIDENTIAL DOCUMENTS" shall be so designated by affixing a label indicating that the materials contained within are "CONFIDENTIAL DOCUMENTS".

  8. If the producing party inadvertently produces Discovery Material that it considers to be "CONFIDENTIAL DOCUMENTS" without such designation, the producing party may subsequently designate such Discovery Material as "CONFIDENTIAL DOCUMENTS" by delivering written notice of such designation to the other parties within a reasonable period after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this

1  Stipulation of the Parties and associated Protective Order.  The initial failure to
2  designate information in accordance with this Stipulation of the Parties and
3  associated Protective Order shall not be deemed a waiver of confidentiality.
4      9.   Court Filings – No disclosure of any "CONFIDENTIAL
5  DOCUMENTS" or any documents or information derived therefrom, shall be filed
6  with the Court without a prior Court order.  If the Court grants a party permission to
7  file "CONFIDENTIAL DOCUMENTS" under seal with the Court, the parties shall
8  meet and confer as to the filing of a duplicate copy of the document in order to
9  identify any non-confidential information that may be filed and made part of the
10 public record.  Such duplicate documents containing non-confidential information
11 shall be titled to show that it corresponds to an item filed under seal (i.e., "Redacted
12 Copy of Sealed Declaration of John Smith in Support of Motion for Summary
13 Judgment").  The sealed and redacted documents shall be filed simultaneously.
14     10.  Court/Trial Exhibits – No disclosure of any "CONFIDENTIAL
15 DOCUMENTS" or any documents or information derived therefrom, shall be given
16 to any juror to review, used for any purpose during trial, or introduced into evidence
17 without prior written stipulation with opposing counsel or pursuant to Court Order.
18 In the event that any "CONFIDENTIAL DOCUMENTS" Discovery Material is
19 allowed by the Court to be used in any court proceeding in this action, the presiding
20 officer shall determine what, if any, protection from disclosure will be afforded such
21 material.  Counsel shall confer on such procedures as are necessary to protect the
22 confidentiality of any documents, information, and transcripts used in the course of
23 any such court proceedings with Court permission.
24     11.  If a party to whom information designated as "CONFIDENTIAL
25 DOCUMENTS" has been produced is subpoenaed or ordered by another court or
26 administrative agency to produce information that is subject to this protective order,
27 such party shall notify promptly the party who produced the material of the pending
28 subpoena or order.  It is the producing party's responsibility to take whatever action

it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any information designated as "CONFIDENTIAL DOCUMENTS" in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order.

12. Nothing in this Stipulation of the Parties and associated Protective Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this action and, in the course thereof, from relying upon the examination of "CONFIDENTIAL DOCUMENTS" Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their clients, counsel shall not disclose the contents of "CONFIDENTIAL DOCUMENTS" Discovery Material except in accordance with the terms of this Order.

13. This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.

14. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received "CONFIDENTIAL DOCUMENTS" Discovery Material shall dispose of all such material either by:

    a. Returning such material to counsel for the producing party; or

    b. Destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person.

Upon request, the parties, their counsel, and any experts shall separately provide written certification to any producing party making the request that such disposal has been completed.

15. Counsel for the parties shall be entitled to retain all court papers, disposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "CONFIDENTIAL DOCUMENTS" Discovery Material, provided that such counsel and employees of such counsel shall continue to comply with all the terms of this Stipulation of the Parties and associated Protective Order unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party.

16. This agreement shall be binding upon and for the benefit of the undersigned parties, the parties counsel, their successors and assigns.

PURSUANT TO THE STIPULATION OF THE PARTIES and Good Cause appearing therefore, **IT IS SO ORDERED.**

**DATED:  July 15, 2016**             **____/S/ Frederick F. Mumm____**
                                      **The Honorable Frederick F. Mumm**
                                      **United States Magistrate Judge**

EXHIBIT A

DECLARATION OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside in the City/County of _____, and State of _____.

I have read the annexed Protective Order ("Order") dated _____, 2016 in the action entitled *Pale T. Tangitau v. Roberto Rosales, et al.*, Case No.: LA CV16-03203 JAK (FFMx), which is currently pending in the United States District Court, Central District of California.

I am familiar with and agree to comply with and be bound by the provision of that Order, and I will not divulge to persons other than those specifically authorized by the Order, and will copy or use except solely for the purpose of this litigation, any Discovery Material designated as "CONFIDENTIAL DOCUMENTS."

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

_____
Signature

_____
Date